IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO A. PEREZ, JR.,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE MCDONALD, Warden,<br><br>    Respondent.<br>_____/ | No. C 10-1817 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S MOTION TO STAY; AND DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket nos. 5, 8) |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the "error of facts" made by the California Board of Parole Hearings (Board) at his parole documentation hearing on January 31, 2008 (factual error claim). He alleges that Board Commissioner D. Hoxmeier "made [a] fundamental error and misrepresentation on Petitioner[']s conviction, that it was a 'gang related shooting.'"  (Pet. at 7.) Petitioner also seems to be stating that he plans to raise a due process claim if he is denied parole at his initial parole suitability hearing, stating that the Board "did not have 'some evidence' to support this factor which may find Petitioner unsuitable for parole at his initial parole hearing . . . ."  (Id. at 8.)  Thus, Petitioner states that "the improper factors 'gang related shooting' should be removed by a rehearing and Petitioner's conviction must be vacated . . . ."  (Id. at 9.)  Petitioner also seems to be raising an ex post facto claim, stating: "It is safe to say [the] 'ex post facto' clause may apply here.  The U.S. Constitution forbids the application and passage of laws that

retroactively increase the punishment for criminal acts . . . ." (Id. at 8.)

In an Order dated June 24, 2010, the Court ordered Respondent to show cause why the petition should not be granted.

On August 23, 2010, Respondent filed a motion to dismiss the petition (docket no. 5). Respondent alleges that Petitioner's factual error claim is not appropriate for federal habeas corpus review because the Court lacks subject matter jurisdiction. (Mot. to Dismiss at 2.) In the alternative, Respondent argues that claim should be dismissed as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996.

In response to Petitioner's premature due process claim, Respondent points out that Petitioner's "initial parole consideration hearing is not even scheduled to be held until April 2041, over thirty years from now." (Mot. to Dismiss at 2.) In addition, no such due process claim will be cognizable under federal habeas review as long as Petitioner receives adequate process at his initial parole suitability hearing. See Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862 (2011) (a prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied).

As to the ex post facto claim, Respondent argues that it should be dismissed for failure to exhaust state court remedies.

Petitioner filed an opposition to the motion, and Respondent filed a reply to the opposition.

Petitioner also filed a "Motion for a Stay and Abbey [sic]"

2

(docket no. 8), in which he asks to "be permitted to go back to the California Supreme Court to have his unexhausted claims of an ex post facto violation heard, while the present federal petition is stayed . . . ." (Pet'r Mot. to Stay at 1.)

For the reasons outlined below, the Court GRANTS Respondent's motion to dismiss, and DENIES Petitioner's motion to stay.

DISCUSSION

I. Factual Error Claim

Petitioner alleges that the Board made a "error of facts" at his 2008 parole documentation hearing by noting that his crime involved a gang related shooting. However, no determination regarding Petitioner's parole suitability was made at the documentation hearing, as parole documentation hearings are held to allow the Board to review an inmate's file, document pertinent conduct, and make recommendations regarding programming. See Cal. Penal Code § 3041(a). As mentioned above, Petitioner argues that the Board's error in noting that his crime involved a gang related shooting affects the fact and duration of his confinement because he anticipates that it will lead to a denial of parole at his initial parole suitability hearing. Even if such a claim could affect the fact and duration of his confinement, the Court notes that Petitioner's initial parole suitability hearing has not taken place, and he concedes that it is not scheduled to be held until April, 2041. (Pet. at 8.) At his parole suitability hearing, Petitioner should be provided an opportunity to be heard and, if he is denied parole, a statement of reasons for the denial. See Cal. Penal Code § 3041.5(a)(2). As mentioned above, if Petitioner receives adequate process at his initial parole suitability

3

hearing, then any alleged due process claim stemming from such a denial would not be cognizable on federal habeas review. See Swarthout, 131 S. Ct. at 862.

Accordingly, for the above reasons, the factual error claim raised in the petition is not cognizable on federal habeas corpus review. Therefore, the Court GRANTS Respondent's motion to dismiss the factual error claim notwithstanding the possibility that it may be untimely.

## II. Ex Post Facto Claim

In his "Motion to Stay and Abbey," Petitioner concedes that the only other claim in his petition -- the ex post facto claim -- is unexhausted. (Pet'r Mot. at 1.) He requests that the Court stay these proceedings while he returns to state court to exhaust the unexhausted ex post facto claim.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b) and (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Because Petitioner did not present his ex post facto claim to

4

the state supreme court for review, either in a petition for review or in a state petition for a writ of habeas corpus, his federal petition is unexhausted and must be DISMISSED. This dismissal is without prejudice to Petitioner returning to state court to exhaust his state remedies and then filing a new federal habeas corpus petition. Should he do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of this claim in Petitioner's future federal petition.

Accordingly, the Court GRANTS Respondent's motion to dismiss the ex post facto claim. Because the Court cannot stay a petition containing only an unexhausted claim, Petitioner's request to stay proceedings while he returns to state court is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition (docket no. 5). The factual error claim is DISMISSED because it is not appropriate for federal habeas corpus review. The ex post facto claim is DISMISSED without prejudice to Petitioner returning to state court to exhaust his state remedies and then refiling that claim in a new federal habeas corpus petition.

Petitioner's "Motion to Stay and Abbey" (docket no. 8) is DENIED.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a

certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

This Order terminates Docket nos. 5 and 8.

IT IS SO ORDERED.

Dated: 3/14/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FERNANDO A. PEREZ JR,

        Plaintiff,

v.

MCDONALD et al,

        Defendant.

Case Number: CV10-01817 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fernando Avila Perez V-63964
Unit #172
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Dated: March 14, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk